UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD OWENS,

       Plaintiff,

                                                        File No. 1:06-CV-388

v.

                                                        HON. ROBERT HOLMES BELL

CORRECTIONAL MEDICAL
SERVICES, INC.,

       Defendant.
                                            /

**ORDER AND JUDGMENT ACCEPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      On July 21, 2006, United States Magistrate Judge Joseph G. Scoville issued a report and recommendation recommending that Plaintiff Donald Owen's prisoner civil rights complaint be dismissed as frivolous because it is barred by the statute of limitations. The report and recommendation was duly served on the parties. Plaintiff filed objections to the report and recommendation on July 28, 2006.

      Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure this Court has made a *de novo* review upon the record of those portions of the magistrate judge's disposition to which specific written objection has been made.

      Plaintiff acknowledges that his claim accrued in 2002 when his request for medical treatment for liver disease was denied. Plaintiff also acknowledges that when he filed his complaint in 2006 the applicable three-year statute of limitations had already run. He

nevertheless objects to dismissal of his complaint as time-barred because he contends he is entitled to equitable tolling.  Plaintiff contends that because he had to wait until 2006 for a second liver biopsy, he did not know the operative facts that are the basis of his cause of action until after the limitation period had expired.

Federal courts grant equitable tolling sparingly.  *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  The burden is on the petitioner to show that he is entitled to equitable tolling.  *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  Courts consider equitable tolling on a "case-by-case basis," giving consideration to the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Griffin*, 399 F.3d at 635 (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).  These five factors "are not comprehensive, nor is each of the five factors relevant in all cases." *Id.* (quoting *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002)).

In this case, Plaintiff was aware of all the essential facts of his claim in 2002.  He knew he had hepatitis C, and he knew Defendants had denied his request for the follow up medical treatment recommended by the liver specialist.  Plaintiff did not need the results of a second biopsy five years later to know that he had a claim against Defendants.  Although

Plaintiff diligently exhausted his administrative remedies in 2002, he failed to diligently pursue his § 1983 action. This is not an appropriate case for equitable tolling. Accordingly,

**IT IS HEREBY ORDERED** that the July 21, 2006, Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) because it is barred by the statute of limitations.

Date:   November 17, 2006           /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE